## No. 1557—A. JAQUET *v.* WEBB LEVERT & CO.

Where the interest due at the institution of the suit, when added to the principal demand, exceeds five hundred dollars, the Supreme Court has jurisdiction of the appeal.

The maxim *contra non valentem agere non currit prescriptio,* being a rule of equity, can not be invoked to overturn express provisions of statutory enactments.

Article 21 of the Civil Code only permits the courts to decide according to equity in cases where there is no express law.

Prescription exists only by the authority of positive enactments, and there is no place in the whole doctrine of limitations for the application of the rules of equity.

APPEAL from Third District Court, parish of Lafourche.  *Gates, J. W. Hall,* for plaintiff and appellee.  *Burquieres & Blake,* for defendants and appellants.

WYLY, J.  The motion to dismiss this appeal, because the amount involved is less than five hundred dollars, was not well taken.

The amount claimed, as evidenced by the note, is three hundred and twenty-three dollars and ninety-two cents, with eight per cent. per annum interest thereon from nineteenth of April, 1860. The interest and principal of the note at the time the suit was filed, twenty-third of February, 1867, exceeded five hundred dollars, and consequently this court has jurisdiction of the case. The motion is therefore overruled.

It is unnecessary to consider the several grounds of defense, as it is quite evident that the plea of prescription must prevail. There is no evidence of renunciation or interruption of prescription; and that the war of the rebellion did not suspend prescription is no longer an open question. This court has decided that the doctrine *contra non valentem agere non currit prescriptio* is merely a rule of equity, which can not impair the operation of the express law enunciated in article 3505 C. C. Under article 21 C. C. judges can decide according to equity, where there is no express law. But a rule of equity must yield to express law, however great the hardship. If the judges were permitted to disregard the law, under pretext of applying a rule of equity, there would be no certainty either in the law or the jurisprudence of the State. What would appear to be equity to one set of judges might not appear to be so to their successors; there would be no fixed rule for the administration of justice; there would be no certain standard to ascertain the rights of persons. The rights of individuals would not be measured by the law, but merely by the discretion, the learning and the conscience of the judge.

It is therefore ordered that the judgment appealed from be avoided and annulled; and it is now ordered that there be judgment for the defendants. It is further ordered that plaintiffs pay costs of both courts.